**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

Southern District of New York
Jennifer L. Brown
Attorney-in-Charge

March 6, 2018

**By ECF**

Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl St., Courtroom 21B
New York, New York 10007

Re: <u>United States v. David Blaszczak</u>, 17 Cr. 00357 (LAK)

Dear Judge Kaplan:

     As counsel for David Blaszczak we write to join in defendant Huber's March 2, 2018 letter request to preclude the government from enlarging the scope of the charged conspiracy by three years and further precluding it from offering into evidence additional instances of alleged unlawful trading and improper disclosures of government information.

     We do not here repeat the facts recited in defendant Huber's letter to the Court. Instead we focus on three main points. One, the government has issued a superseding indictment almost a month after the Court imposed deadline of February 8, 2018. In its letter to the Court defending its conduct, the Government makes a truly absurd claim: it should be allowed to expand the scope of the conspiracy by three years, which necessitates the review of more than one million additional emails and documents, because the Government informed the defendants in October of last year "that there was an error in the Indictment with respect to Counts 17 and 18." The error to which the Government refers is a mistake in identifying which stocks were traded as a result of the allegations in those counts. Correcting the error did not necessitate new and distinct allegations, require expansion of the time frame of the conspiracy (much less by three years), or involve enormous amounts of additional discovery. The Government's excuse for its last minute, untimely expansion of the case is a complete *non sequitur* and should not be accepted by the Court.

     Second, if the Government truly believes that the superseding indictment "in no way affects the amount of proof that will be offered at trial or the Government's theory of the case" then why seek it? If the evidence is admissible as Rule 404(b) evidence as the Government claims, then the Government should seek to introduce it as such and let the

Court determine its validity.  Presumably, the Government is actually not so confident about its 404(b) claims; nor should it be.  If the Government were to attempt to introduce the evidence as such, it would face significant problems – including the one occasioned by its conduct here:  a lengthy expansion of the case that would in fact be a separate trial within a trial with a host of prejudicial consequences.

  Three, the superseding indictment widens the time frame of the conspiracy by almost three years and involves an extraordinary amount of additional discovery review and outside investigation. To proceed to trial without full review of the emails, reports, trades and other documents generated during this time frame would be ineffective assistance of counsel. The only remedy to that problem, aside from the one requested here by counsel, is a significant adjournment of the trial date – something that Mr. Blaszczak does not want.  He has been living with the investigation and prosecution of this case for a long time and is entitled to move forward with the trial date as set.  He should not be required to choose between preparing for trial based on last-minute voluminous disclosures by the Government and a lengthy adjournment.

  For the reasons stated, the Court should proceed with the trial on April 9 under the detailed terms that were established by this Court at the December 20, 2017 conference.

  Thank you for your consideration of this request.

            Respectfully submitted,
            /s/
            David E. Patton
            Sabrina P. Shroff
            Clay H. Kaminsky
            Danielle E. Thorne

            Counsel for David Blaszczak

cc: counsel of record