USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/19/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA,

        -against-

DAVID BLASZCZAK, et al.,

        Defendants.
------------------------------------x

S1 17-cr-357 (LAW)

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

        Defendants move for an order permitting them four peremptory challenges in addition to the ten already granted them by Rule 24, and providing that one of the four additional challenges be exercisable by each defendant. They point out that they collectively come at the case from three different perspectives -- Blaszczak having been employed by a political intelligence firm, Worrall by a government agency, and Huber and Olan by an investment fund. On this basis, they contend that members of the jury pool might have significantly different views as to the defendants "based on where [a particular defendant] worked and the role he is alleged to have played in the charged offenses." DI 149, at 2. Accordingly, they argue, "each defendant will have to address whether potential jurors have prejudices that might prevent that particular defendant from receiving a fair trial."

        The application overlooks the fact that the *voir dire* should expose potentially prejudicial views with respect to any defendant or defendants, whether based on where a defendant worked or something else. Challenges for cause may be made by any defendant individually and,

where meritorious, will be granted. Hence, the need for additional peremptory challenges is rather speculative. Moreover, the Court sees no obstacle to the defendants agreeing among themselves as to the manner in which the peremptory challenges allotted to the defense will be exercised – unanimously, by majority vote, some unanimously and the balance by individual defendants, some by majority vote and the balance by individual defendants, or in some other way agreeable to all.

Accordingly, the application for additional peremptory challenges [DI 149] is denied. In the absence of agreement among the defendants, the defendants' exercise of each peremptory challenge shall be unanimous. *E.g., United States v. Lopez,* 649 F.3d 1222, 1243-44 (11th Cir. 2011) (following *United States v. Aloi,* 511 F.2d 585. 598 (2d Cir. 1975)); *United States v. McClendon,* 782 F.2d 785, 788 (9th Cir.1986); *United States v. Hooper,* 575 F.2d 496, 498 (5th Cir.1978); *United States v. Williams,* 463 F.2d 393, 395 (10th Cir.1972). Any such agreement shall be set forth in a stipulation executed by all defendants and filed before the commencement of *voir dire*. Defendants' application may be renewed after all challenges for cause have been ruled upon.

SO ORDERED.

Dated:      March 19, 2018

_____
Lewis A. Kaplan
United States District Judge