UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                                 :

  UNITED STATES OF AMERICA       :

                        - v. -                     :      S1 17 Cr. 357 (LAK)

  DAVID BLASZCZAK,                  :
  THEODORE HUBER,                 :
  ROBERT OLAN and                  :
  CHRISTOPHER WORRALL,        :

              Defendants.           :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

# GOVERNMENT'S MOTION TO QUASH

 

ROBERT KHUZAMI
Acting United States Attorney for the
Southern District of New York

Ian McGinley
Brooke E. Cucinella
Joshua A. Naftalis
Assistant United States Attorneys
    -Of Counsel-

The Government respectfully submits this motion to quash a Rule 17(c) subpoena that counsel for defendant Theodore Huber has served on Deerfield Management ("Deerfield"), the former employer of Jordon Fogel, who will likely testify as a cooperating witness for the Government at trial.

The Court should quash the subpoena for two independent reasons. First, the subpoena is precisely the type of broad "fishing expedition" that courts have repeatedly found improper in the Rule 17 context. Second, the subpoena is improperly aimed at obtaining impeachment materials for the cross-examination of Fogel.

## BACKGROUND

On March 16, 2018, Huber served a Rule 17(c) subpoena on Deerfield, the former employer of Jordan Fogel, a cooperating witness for the Government (the "Deerfiled Subpoena," attached hereto as Exhibit A). The Deerfield Subpoena is returnable on April 2, 2018, the date trial starts in this matter. On March 16, 2018, Huber also served an identical subpoena in the parallel SEC action against Huber, with the same return date (attached hereto as Exhibit B).[1]

The Deerfield Subpoena is extremely broad. For example, request number one seeks "all brokerage statements relating to Jordan Fogel's personal trading accounts," from January 1, 2009 through December 21, 2014. Similarly, request number three seeks "all email communications by or between any Deerfield employee" and "any non-Deerfield email address associated with Jordan Fogel," for the same time period.

---

[1] The Government notes that the civil subpoena is an attempt to use civil process as a tool to receive discovery for the criminal case. It is no coincidence that the civil subpoena is returnable for the trial date in this case and seeks documents from 2009 through 2014, the date range of the Indictment here.

1

The Deerfield Subpoena is also clearly aimed at obtaining impeachment materials for Fogel. For example, request number four seeks "all communications concerning Jordan Fogel's termination from Deerfield and/or any performance or behavioral issues concerning Jordan Fogel," from "January 1, 2016 to December 31, 2016," even though the Indictment charges criminal activity ending in 2014.

## ARGUMENT

**I.    Relevant Law**

Rule 17(c) governs the issuance of trial subpoenas in criminal cases. A subpoena issued pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure "may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates." Fed. R. Crim. P. 17(c)(1). The Rule provides that "[t]he court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence." *Id*.

It is axiomatic that "Rule 17 was not intended to provide an additional means of discovery" to a defendant in a criminal case. *Bowman Dairy Co.* v. *United States,* 341 U.S. 214, 220 (1951). Indeed, "'courts must be careful that rule 17(c) is not turned into a broad discovery device, thereby undercutting the strict limitation of discovery in criminal cases found in Fed R. Crim. P. 16.'" *United States* v. *Cherry*, 876 F. Supp. 547, 552 (S.D.N.Y. Feb. 17, 1995) (quoting *United States* v. *Cuthbertson*, 630 F.2d 139, 146 (3d Cir. 1980)).

As such, Rule 17 subpoenas "are held to a strict standard" developed by the Supreme Court in *United States* v. *Nixon*, 418 U.S. 683 (1974):

> A defendant seeking the production of documents pursuant to Rule 17(c) has the burden of demonstrating: (1) the documents are evidentiary and relevant; (2) they are not otherwise procurable by the defendant reasonably in advance of trial by the exercise of due diligence; (3) the defendant cannot properly prepare for trial without such production and the failure to obtain it might delay the trial; and (4) the application is not intended as a general 'fishing expedition' and was therefore made in good faith.

2

*United States* v. *Ceballo*, 2003 U.S. Dist. LEXIS 14242, at *3-4 (S.D.N.Y. Aug. 10, 2003) (citing *United States* v. *Nixon*, 418 U.S. 683, 699-700); *United States* v. *Grant*, 2004 U.S. Dist. LEXIS 28176, 2-3 (S.D.N.Y. Nov. 17, 2004) ("In order to require production prior to trial, the party seeking the subpoena must clear three hurdles. . . . They are: (1) relevancy; (2) admissibility; and (3) specificity. Subpoenas that fail to meet these hurdles may be quashed.") (internal citation omitted).

"The Court in *Nixon* expounded upon the first prong, holding that the proponent of the subpoena has the burden of proving relevance and admissibility and must also identify the materials with specificity." *United States* v. *Jenkins*, 2003 U.S. Dist. LEXIS 4312, at *14-15 (S.D.N.Y. Mar. 19, 2003) (citing *Nixon*, 418 U.S. at 700). To satisfy this first prong, "the documents must meet the test of relevancy and admissibility when they are sought; a showing of potential relevance or admissibility is not sufficient." *Id.*; *see United States* v. *Cherry*, 876 F. Supp. at 552 ("In order to be procurable by means of a Rule 17(c) subpoena, materials must themselves be admissible evidence.").

Of particular relevance, "[i]t is well established . . . that Rule 17(c) does not provide a basis for pre-trial 'production of materials whose evidentiary use is limited to impeachment.'" *United States* v. *Kaufman*, 2014 U.S. Dist. LEXIS 68512, at *34-35 (S.D.N.Y. May 19, 2014) (citing *Cherry*, 876 F. Supp. at 553 (S.D.N.Y. 1995); *accord United States* v. *Giampa*, 1992 U.S. Dist. LEXIS 15214, at *7-8 (S.D.N.Y. Oct. 7, 1992) ("Courts have repeatedly held that a Rule 17(c) subpoena should not be used to obtain materials, in advance of trial, which are to be used for impeachment purposes.").

## II.    Discussion

The Court should quash the Deerfield Subpoena because it fails to meet Rule 17's basic requirements under *Nixon* of relevancy, admissibility, and specificity.[2] The breadth of the requests alone shows that the subpoena is an improper "fishing expedition" intended as a means of illicitly gathering discovery.

As discussed above, the Deerfield Subpoena contains multiple broadly-worded document requests that are neither specific nor calculated to obtain relevant and admissible evidence. These broad requests plainly lack the specificity, relevancy or admissibility, required by the Supreme Court under *Nixon*. *See, e.g., United States* v. *R. Enterprises, Inc.,* 498 U.S. 292, 299 (1991) (under *Nixon,* "a party must make a reasonably specific request for information that would be both relevant and admissible at trial"); *United States* v. *Cuthbertson,* 630 F.2d 139, 144 (3d Cir. 1980) (explaining that the "test for enforcement is whether the subpoena constitutes a good faith effort to obtain *identified evidence* rather than a general 'fishing expedition' that attempts to use the rule as a discovery device") (emphasis added); *United*

---

[2] The Government has standing to bring this motion in light of the facial overbreadth of the subpoenas and because Fogel is likely a Government witnesses in this matter. *See, e.g.*, *United States* v. *Giampa*, No 92 Cr. 437 (PKL), 1992 WL 296440, at *1-2 (S.D.N.Y. Oct. 7, 1992) (holding that Government had standing to move to quash subpoena on third party "based 'upon its interest in preventing undue lengthening of the trial, undue harassment of its witness, and prejudicial over-emphasis on [the witness's] credibility.'" (quoting *Untied States* v. *Ranieri*, 670 F.2d 702, 712 (7th Cir. 1982)); *accord United States* v. *Nektalov*, No. S2 03 Cr. 828 (PKL), 2004 WL 1574721, at *1 (S.D.N.Y. July 14, 2004) ("The government seeks to prevent the undue harassment of its witness, a proper purpose for a third-party seeking to quash a subpoena."). Moreover, even courts that have questioned the Government's standing to move to quash a third-party subpoena have nonetheless found it appropriate to address the Government's objections because of the Court's own responsibility to evaluate the propriety of the subpoena. *See, e.g.*, *United States* v. *Weissman*, No. 01 Cr. 529 (BSJ), 2002 WL 31875410, at *1 n.1 (S.D.N.Y. Dec. 26, 2002) (despite defendant's assertion that the Government lacked standing to move to quash, the Court addressed the Government's motion because it was "the Court's responsibility to ensure that the subpoena is for a proper purpose and complies with the requirements of Rule 17(c)").

*States* v. *Cherry*, 876 F. Supp. at 552 ("In order to be procurable by means of a Rule 17(c) subpoena, materials must themselves be admissible evidence.").

Moreover, to the extent Huber is seeking these materials in the hopes that he can use them to impeach Fogel (and it is clear that he is), "a proposed subpoena does not satisfy the *Nixon*-three pronged test if it seeks material that could be [used] at trial only to impeach a witness." *United States* v. *Binday*, 908 F. Supp. 2d 485, 492 (S.D.N.Y. Dec. 10, 2012); *Kaufman*, 2014 U.S. Dist. LEXIS 68512, at *34-35 ("It is well established . . . that Rule 17(c) does not provide a basis for pre-trial 'production of materials whose evidentiary use is limited to impeachment.'"). Because the Deerfield Subpoena fails the *Nixon* test, it must be quashed.

Dated: New York, New York  
      March 23, 2018

Respectfully submitted,

ROBERT KHUZAMI  
Acting United States Attorney

By:     /s/  
Ian McGinley  
Brooke E. Cucinella  
Joshua A. Naftalis  
Assistant United States Attorneys  
(212) 637-2257/2477/2310

5