UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,


              -against-                                                    17-cr-357 (LAK)


DAVID BLASZCZAK, et al.,

                          Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**ORDER DENYING SEVERANCE AND ADJOURNMENT**


LEWIS A. KAPLAN, *District Judge.*

              Defendant David Blaszczak moves, days before trial, for a severance or an adjournment of the trial. [DI 163]  The basis for the severance application is the assertion that the government's possible offer of evidence of statements by defendant Worrall would raise insurmountable *Bruton* problems.  The basis for the adjournment is the claim that the seven day advancement of the start of the trial (with jury selection to take place a week earlier than opening statements) leave Blaszczak's able counsel unready to proceed on the new schedule.

              There is no merit, especially at this time, to the *Bruton*-based severance argument.  The Court does not yet know what evidence will be offered.  The government has made clear that it will provide defense counsel and the Court, following Worrall's opening, with a list of the statements it intends to introduce along with its proposed redactions and substitutions.  The Court directs that it do so.  Only then will Blaszczak's counsel and the Court be in a fully informed position to assess any *Bruton* issues.  Moreover, Blaszczak's argument ignores entirely that evidence that runs afoul of *Bruton* and that cannot be redacted in a manner fully protective of Blaszczak's rights may be excluded.  *E.g.,* 21A Charles Allan Wright, et al., *Federal Pracitice & Procedure: Evidence* § 5064.4 (2017).

              Nor is an adjournment is necessary.  On June 12, 2017, the Court scheduled trial to begin on April 9, 2018.  It will not here go over the various considerations that led to the change, as they all are matters of record.  But the start (putting aside jury selection, which will proceed on Monday, March 26) was advanced one week, to April 2.  While the Court accepts the entire good faith of Blaszczak's counsel in saying that they cannot be ready until April 9, the Court is not persuaded, essentially for reasons stated in open court on March 9.  Tr., Mar. 9, 2018 [DI 154], *passim* and at 43-44.  This one week change in the substantive trial date simply is not as momentous an event as counsel maintain.

              The motion is denied in all respects.

              SO ORDERED.

Dated:        March 24, 2018


                                                           /s/    Lewis A. Kaplan
                                           _____
                                                           Lewis A. Kaplan
                                                       United States District Judge