# Federal Defenders
## OF NEW YORK, INC.

52 Duane Street - 10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David Patton
*Executive Director and
Attorney-in-Chief*

April 25, 2018

**By ECF and Hand Delivery**
Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    <u>United States v. David Blaszczak et al.,</u>
             **17 Cr. 357 (LAK)**

Dear Judge Kaplan:

On behalf of David Blaszczak, we move for a mistrial on the ground that the government's summation deprived Mr. Blaszczak of his Sixth Amendment right to confront the witnesses against him and deprived both Mr. Blaszczak and Mr. Worrall to their Fifth Amendment right to due process. The government impermissibly drew the link between the "friend" and "former colleague" of from Mr. Worrall's *Brutonized* statements and Mr. Blaszczak. In so doing, the government compounded the prejudice to both Mr. Blaszczak and Mr. Worrall by asserting in the same breath that Mr. Worrall was "trying to hide the truth," which suggests—contrary to fact—that Mr. Worrall tried to "hide" Mr. Blaszczak's identity.

The problematic part of the government's summation followed discussion of all the information that the government alleges Mr. Worrall gave to Mr. Blaszczak, including "confidential CMS information," Tr. 3526, "PowerPoints," <u>id.</u>, "a

confidential report," Tr. 3521, and "the 12 percent number" of the ESRD rate cut, Tr. 3532. It followed directly on the heels of a lengthy answer to the question "[w]hy would Worrall take the risk" of providing this information to Mr. Blaszczak, the essence of which was that they had a close relationship. Tr. 3533–36.

Immediately after that discussion Mr. Worrall's relationship with Mr. Blaszczak, Ms. Cucinella said:

> Now, I want to talk for a minute about what Worrall said when he was approached by the FBI in HHS OIG. I want to talk about the lie that he told. When he was approached by Agent Moore and Agent Callahan, Agent Moore and -- excuse me,
>
> Agent Moore told you that she and Agent Callahan questioned Worrall about whether he had spoken to a former colleague about his work, and Worrall denied it.
>
> He said that he intentionally only spoke to his friend about sports. Why did he say that? You know exactly why – *he was trying to hide the truth, the truth that he had been providing a former colleague with confidential CMS information, with PowerPoints, with an Acumen report, with the actual numbers of rate cuts*, information that belonged to CMS, and that, if shared, could seriously interfere with the agency's ability to do its job.
>
> And what did Worrall say when he was confronted with the visitor logs showing that he had signed his friend in to CMS on multiple occasions? What did he say when he was caught? He lied again. He said he occasionally talked to his friend about work, and that he recalled one meeting that he attended with him.
>
> Ladies and gentlemen, these were lies. And *those lies, especially when taken with all the other evidence in this case, tell you everything that you need to know about Christopher Worrall's role in this conspiracy*. Why did Worrall lie? Because he knew why Agent Moore and Agent Callahan were there. Because he knew exactly what he had done, and he knew that it was a crime.

Tr. 3536–37 (emphasis added).

First, these statements violated Bruton v. United States, 391 U.S. 123 (1968) because they effectively undid the redactions made by the Court. "The prosecution may commit a Bruton violation during summation by encouraging a jury to interpret redacted portions of a non-testifying defendant's statement in a way that implicates a co-defendant." Bowen v. Phillips, 572 F. Supp. 2d 412, 420 (S.D.N.Y. 2008). By specifically setting up each of the categories of information it alleges Mr. Worrall gave to Mr. Blaszczak and then arguing that he was "trying to hide the truth, the truth that he had been providing a former colleague" with that information clearly encouraged the jury to make the link between the "former colleague" and Mr. Blaszczak and to take the statement as evidence of "Christopher Worrall's role in this conspiracy." Tr. 3536–37.

The government was on notice that this line of argument would violate Mr. Blaszczak's right to confrontation. Counsel moved for severance pre-trial on the ground that Mr. Worrall's statements could not be redacted in this tipping-chain case in a way that does not immediately and obviously inculpate Mr. Blaszczak. See Dkt. Nos. 163, 164, & 175, citing Gray v. Maryland, 523 U.S. 185 (1998); United States v. Taylor, 745 F.3d 15, 28-30 (2d Cir. 2014); United States v. Jass, 569 F.3d 47, 60 (2d Cir. 2009). At the charge conference, counsel raised Bruton specifically in connection with summations, and the Court admonished the government to be "careful" and not to "play[] with fire" by arguing to the jury that they should infer who Mr. Worrall was talking about in the redacted statements. Tr. 3505–07. The government nevertheless deliberately pursued this line of argument.

<u>Second</u>, as also raised in Mr. Blaszczak's severance motion and on the record, <u>see</u> Tr. 2196, given the high likelihood that jurors will see through any redactions to Mr. Worrall's statements, anonymizing them by replacing Mr. Blaszczak's name with the terms ""friend" and "former colleague" actually makes the statements seem more incriminating than they really are and makes them prejudicial in a different way.  As we argued in our severance motion,

> if the jury were led to believe that Mr. Worrall was trying to shield Mr. Blaszczak—the false narrative that the jury is *supposed to believe* under "natural language" redaction—it could only conclude that Mr. Worrall considered his statements to be very incriminating, more incriminating than they really are. Mr. Worrall disputes the particulars of these statements as set forth by the government and will in all likelihood contend at trial that the statements were in fact exculpatory. <u>See</u> Christopher Worrall's Memorandum of Law in Support of his Motion to Enforce His Proffer Agreement, Doc. 158. The consciousness of guilt demonstrated by his purported effort to "shield" Mr. Blaszczak—*which is not even true*—would affect this factual dispute in the government's favor, prejudicing both defendants.

Mem. in Support of David Blaszczak's Mot. for Severance at 8 (Docket Entry 164).

The government's summation has brought these constitutional violations to fruition.  The government argued that, by his statements to law enforcement, Mr. Worrall was "trying to hide the truth, the truth that he had been providing a former colleague with confidential CMS information, with PowerPoints, with an Acumen report, with the actual numbers of rate cuts."  Tr. 3536.  The jury will conclude that Mr. Worrall's apparent failure to use Mr. Blaszczak's name was part of that effort "to hide the truth."  Because Mr. Worrall in fact did use Mr. Blaszczak's name with talking with Agent Moore, this misimpression unfairly prejudices both defendants.

No curative instruction can remedy the damage caused by the government's summation. Accordingly, we move for a mistrial.

Respectfully submitted,

 /s/
David E. Patton
Sabrina P. Shroff
Clay H. Kaminsky
Danielle E. Thorne

*Counsel for David Blaszczak*