UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

DAVID BLASZCZAK,

      *Defendant*.

DEFERRED PROSECUTION
AGREEMENT

S1 17 Cr. 357 (LAK)

TO:    DAVID BLASZCZAK,

      1.    On March 5, 2018, Superseding Indictment S1 17 Cr. 357 (LAK) (the "Indictment") was filed in 18 counts, some of which charged DAVID BLASZCZAK, the defendant, with participating in a scheme to misappropriate confidential information from the Centers for Medicare and Medicaid Services ("CMS") for use in placing profitable securities trades.

      2.    On May 3, 2018, a jury convicted BLASZCZAK of Count One, which charged conspiracy to convert United States property, to commit securities fraud, and to defraud the United States, in violation of 18 U.S.C. § 371; Count Two, which charged conspiracy to commit wire fraud and securities fraud, in violation of 18 U.S.C. § 1349; Count Three, which charged conversion of United States property, in violation of 18 U.S.C. §§ 641 and 2; Count Nine, which charged wire fraud, in violation of 18 U.S.C. §§ 1343 and 2; Count Ten, which charged securities fraud, in violation of 18 U.S.C. §§ 1348 and 2; Count Thirteen, which charged conversion of United States property, in violation of 18 U.S.C. §§ 641 and 2; Count Fifteen, which charged wire fraud, in violation of 18 U.S.C. §§ 1343 and 2; Count Sixteen, which charged securities fraud, in violation of 18 U.S.C. §§ 1348 and 2; Count Seventeen, which charged conspiracy to convert United States property and to defraud the United States, in violation of 18 U.S.C. § 371; and Count

Eighteen, which alleged conversion of United States property, in violation of 18 U.S.C. § 641.

3. On December 30, 2019, the U.S. Court of Appeals for the Second Circuit affirmed the convictions of BLASZCZAK. United States v. Blaszczak, 947 F.3d 30 (2d Cir. 2019).

4. On September 4, 2020, BLASZCZAK filed a petition for a writ of certiorari.

5. At the Solicitor General's request, the Supreme Court vacated the Second Circuit's judgment and remanded the case for further consideration in light of Kelly v. United States, 140 S. Ct. 1565 (2020). Olan v. United States, 141 S. Ct. 1040 (2021); Blaszczak v. United States, 141 S. Ct. 1040 (2021).

6. On remand to the U.S. Court of Appeals for the Second Circuit, the Government was constrained to concede error with respect to Counts One, Two, Three, Nine, Ten, Thirteen, Fifteen, Sixteen, Seventeen, and Eighteen in light of Kelly.

7. On December 27, 2022, the U.S. Court of Appeals for the Second Circuit issued a decision, inter alia, remanding Counts Two, Three, Nine, Ten, Thirteen, Fifteen, Sixteen, and Eighteen of the Indictment to the District Court to permit the Government to dismiss those counts of conviction, and remanding Counts One and Seventeen of the Indictment to the District Court for a new trial. United States v. Blaszczak, 56F.4th 230 (2d Cir. 2022).[1]

8. BLASZCZAK hereby acknowledges receiving information regarding a proposed rule change by CMS prior to its issuance, and providing it to his Deerfield Management Company, L.P. and Visium Asset Management, L.P. clients for use in analyzing and placing securities trades.

---

[1] Pursuant to United States v. Blaszczak, 56 F. 4th 230 (2d Cir. 2022), the Government will move to dismiss Counts Two, Three, Nine, Ten, Thirteen, Fifteen, Sixteen, and Eighteen of the Indictment, even if the Government decides to proceed to retrial on Counts One or Seventeen.

07.29.2012

9. After careful consideration of the foregoing, the Government has determined that the interest of the United States and BLASZCZAK's own interest will best be served by deferring the retrial of Counts One and Seventeen of the Indictment. The retrial will be deferred during the term of BLASZCZAK's good behavior and satisfactory compliance with the terms of this agreement for the period of three months from the signing of this agreement (T h e "P e r i o d") The terms and conditions constituting BLASZCZAK's good behavior and satisfactory compliance are as follows:

    a. You shall refrain from any violation of law (federal, state and local). You shall immediately contact your U.S. Pretrial Services Officer if arrested or questioned by a law-enforcement officer.

    b. You shall associate only with law-abiding persons.

    c. You shall notify your supervising U.S. Pretrial Services Officer prior to traveling outside the United States.

    d. You shall notify your supervising U.S. Pretrial Services Officer immediately of any change in your place of residence.

    e. You shall follow your supervising U.S. Pretrial Services Officer's instructions and advice.

    f. You shall report to your supervising U.S. Pretrial Services Officer as directed.

10. As a further condition you hereby consent to disclosure, by any federal, state or local government agency, or by any medical or substance abuse treatment provider, to the U.S. Pretrial Services Officer supervising your case, of such medical and treatment records as may be

requested by the Pretrial Services Officer to evaluate deferral of prosecution in this case. You further agree that you will execute any additional consent forms that any such agency or provider may require to release such information.

11. The United States Attorney agrees that, upon the signing of this agreement, your passport shall be returned and the restrictions on your travel set forth in your appearance bond shall be removed, subject to the limitation in paragraph 9(c) above.

12. The United States Attorney may at any time proceed with the retrial of Counts One and Seventeen of the Indictment should the United States Attorney determine, in his or her sole discretion, that this agreement has been violated.

13. If upon completion of your supervision a written report from your supervising U.S. Pretrial Services Officer is received to the effect that you have complied with all the rules, regulations and conditions and special conditions applicable to your deferred prosecution, no retrial of Counts One or Seventeen of the Indictment will be instituted in this District, and the United States Attorney will move to dismiss with prejudice all remaining charges in S1 17 Cr. 357 (LAK).

Dated: New York, New York
July 24, 2023

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: /s/ Alexandra Rothman
Alexandra Rothman
Assistant United States Attorney
Tel.: (212) 637-2580

07.29.2012

The undersigned hereby consents to the foregoing and expressly waives any and all rights to a speedy trial pursuant to the Sixth Amendment to the United States Constitution, the Speedy Trial Act, 18 U.S.C. §§ 3161 et seq., and any other pertinent provisions, and consents to the adjournment of all pending proceedings in this case. The undersigned further waives the applicable statute of limitations with respect to any prosecution that is not time-barred on the date that this agreement is signed. It is the intent of this provision to toll the applicable statute of limitations during the pendency of the deferred prosecution.

Dated: New York, New York
       July 21, 2023

_____          _____
~~David Patton~~, Esq. Colleen P. Cassidy         David Blaszczak (by CPC)
Federal Defenders of New York, Inc.              Defendant
Attorney for Defendant

07.29.2012

Pursuant to 18 U.S.C. § 3161(h)(2), exclusion under the Speedy Trial Act of the period of time during which the prosecution of the defendant is deferred pursuant to this agreement is hereby approved.

Dated: New York, New York
      July ___, 2023

_____
Hon. Lewis A. Kaplan
United States District Judge

The undersigned hereby consents to the foregoing and will accept supervision of the above-named defendant on the conditions set forth herein.

Dated: New York, New York
      July 20, 2023

*Marlon Ovalles* (signature)
_____
Marlon Ovalles
United States Pretrial Services

07.29.2012